UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
JOHN L. CAMACHO,

                                Plaintiff,                    Index No.: 09-CV-03439

             -against-                            **AMENDED**
                                                          **COMPLAINT**
TOWN OF SOUTHAMPTON, SOUTHAMPTON POLICE
DEPARTMENT, SGT. JAMES KIERNAN
PO JOHN DOE 1, PO JOHN DOE 2,

                                Defendants.
------------------------------------------------------------------------------X

       The Plaintiff, John L. Camacho, by his attorney Brian J. Davis, Esq, complaining of the Defendants, respectfully alleges the following:

**Jurisdiction & Venue**

       1.      The jurisdiction of this court is conferred by Title 42 Section 1983, 1985, 1986, and 1988 of the United States Code and Title 28 Section 1367 providing supplemental jurisdiction for state law claims, F.R.Civ.P. 18(a), and 18 U.S.C. 1961-1968. On the state causes of action against the Town of Southampton and its sub-division the Southampton Police Department the Plaintiff complied with G.M.L. § 50 by serving a Notice of Claim upon the city within 90 days; a G.M.L. § 50-H examination of the Plaintiff has been scheduled and the Plaintiff has made himself available to be deposed. The action arose in Suffolk County, Town of Southampton, New York and, therefore, venue is in the Eastern District.

**Parties**

       2.      John L. Camacho is a citizen of the United States, residing at Wantagh, New York in the Eastern District of New York and on August 10, 2008 was twenty one years of age.

       3.      Defendant is the Town of Southampton, which is organized under the laws of the State of New York. It is responsible for the policies, procedures, and practices implemented

through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

4. The Southampton Police Department is a political sub-division of the Southampton and is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

5. Defendants Police Sergeant James "Kiernan", and Police Officers John Doe 1 and John Doe 2 (being the unidentified police officers present and engaged in the following illegal activities) employed by the Town of Southampton and the Southampton Police Department.

**Facts**

6. Plaintiff sues all public employees in their official and individual capacities.

7. At all times set forth in this Complaint, Defendants Kiernan, John Doe 1 and John Doe 2 acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York, the Town of Southampton and the Southampton Police Department.

8. The actions of defendants have violated Plaintiff's constitutional rights to be free from illegal arrests, rights to due process of law and the security of his person guaranteed by the Fourth Amendment to the Constitution of the United States and were committed while the Defendants were acting under color of State Law as police officers employed by the Southampton and the Southampton Police Department.

9. On 10th day of August, 2008 at approximately 3:39 p.m., 260 Montauk Highway West, in the Hamlet of Hampton Bays, Town of Southampton, NY, the Plaintiff was at an establishment known as the Bawdy Barn, waiting on line to gain entrance.

10. At the aforementioned time and place, when the Plaintiff showed his license as proof of his age, he was removed from the line by an unknown individual, either acting as security for the Bawdy Barn or as an agent of employee of the Southampton Police Department.

11. At the aforementioned time and place, the Plaintiff was escorted away from the front of the Bawdy Barn and taken around to the side and to a neighboring shopping center.

12. The Plaintiff had done nothing wrong, had merely waited on the line in a peaceful manner and showed his valid New York State license.

13. At the aforementioned time and place, when the Plaintiff was brought to the neighboring shopping center, members of the Southampton Police Department took control of him by surrounding him.

14. At the aforementioned time and place, when the Plaintiff objected to what was happening, a member of the police department in plains clothes, believed to be Sergeant James Kiernan, without any reasonable cause, or justification under New York State Law, and certainly not pursuant to any necessary police function, took the Plaintiff and threw him to the ground, so as to strike the Plaintiff's head into a curb.

15. The Plaintiff never resisted, never kicked, punched or tried to attack any of the police officers who were there, simply objected to and asked why he was being treated in this manner.

16. The Plaintiff was immediately handcuffed and arrested for the following: Violation of New York State Penal Law; §205.30 Resisting Arrest; §240.26 Harassment in the 2nd Degree.

17. The Plaintiff was brought to the Southampton Police Headquarters where he remained in custody and was processed. During the processing of the Plaintiff, the individual Defendants conspired amongst each other to concoct a fabrication of events to support the false arrest of the Plaintiff and thereby file false charges against Plaintiff.

18. Plaintiff then was brought to Peconic Bay Hospital, where he was treated for his bodily injuries.

19. As a result of their concerted unlawful and malicious conspiracy, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

20. After being treated he was brought to Southampton Town Court and thereafter arraigned and held on $750.00 bail.

21. The Plaintiff was released when his parents posted bail.

22. The Plaintiff had to provide a criminal defense for himself and incurred attorney's fees and other related cost in the criminal action.

23. The Plaintiff suffered physical injury with cuts and bruises to his head, bruises to his body, and other pain and suffering.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR VIOLATIONS OF 42 U.S.C. 1983: ARREST, DETENTION
## AND CONFINEMENT, AND CONSPIRACY

24. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs "1" through "32" above with the same force and effect as if herein set forth.

25. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

26. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,

    (a) by depriving Plaintiff of his liberty without due process of law, by taking him into custody and holding him there against his will,

    (b) by making an unreasonable and false arrest of his person without due process of law,

4

(c) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff due process and equal protection of laws,

(d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, and thereby causing him to remain incarcerated and depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

27. As a result of the Defendants' actions, the Plaintiff's constitutional rights were violated as guaranteed by the Fourth Amendment to the Constitution of the United States and Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**AS AND FOR A SECOND CAUSE OF ACTION**
**FOR FALSE ARREST**

28. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "36" as if each were more fully set forth herein.

29. As a result of the Defendants' actions, the Plaintiff was falsely arrested by the members of the Southampton Police Department without probable cause.

30. As a result of his being falsely arrested, the Plaintiff suffered both compensatory and punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION**
**FOR FALSE IMPRISONMENT**

31. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "39" as if each were more fully set forth herein.

32. As a result of the Defendants' actions, the Plaintiff was illegally imprisoned against his will, absent probable cause, and was held in custody for over one day.

33. As a result of his being falsely imprisoned, the Plaintiff suffered both compensatory and punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION

34. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "42" as if each were more fully set forth herein.

35. As a result of the Defendants' actions, the Defendant Sergeant James Kiernan swore out a felony misdemeanor information against the Plaintiff, which contained false information used by the Defendants to justify their false arrest of the Plaintiff.

36. Plaintiff intends to stand trial on the criminal case.

37. As a result of the malicious prosecution of the Plaintiff, he was forced to expend money in attorney's fees and other expenses towards his defense, and he suffered other compensatory and punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR COMMON LAW BATTERY UNDER NEW YORK STATE COMMON LAW

38. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "46" as if each were more fully set forth herein.

39. As a result of the Defendants' actions, the Plaintiff was physicall abused by being thrown to the ground causing injury to his head, face and body without any justification by the Defendants.

40. As a result of the Defendants' actions, the Plaintiff suffered various physical injuries.

6

41. As a result of the Defendants' actions, the Plaintiff suffered damages both compensatory and punitive.

WHEREFORE The Plaintiff, John L. Camacho, demands trial by jury; an award of compensatory and punitive damages on each cause of action in the complaint; attorney fees and costs.

Dated:  Garden City, New York
          September 10, 2009

                                                Respectfully Submitted,
                                                **BRIAN J. DAVIS, P.C.**

                                    **By**:  s/Brian J. Davis_____
                                             Brian J. Davis, Esq.
                                             Attorney for Plaintiff
                                             400 Garden City Plaza, Suite 450
                                             Garden City, NY 11530
                                             516-542-0249

***ATTORNEY'S VERIFICATION***

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That deponent is the attorney of record for the PLAINTIFF, JOHN L. CAMACHO, in the within action; that deponent has read the foregoing Amended Verified Complaint and knows the contents thereof; that the same is true to deponent's own knowledge or on facts and documents supplied by the Plaintiff, as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes same to be true. Deponent further states that the reason this Verification is made by deponent and not by said PLAINTIFF is that said PLAINTIFF does not reside or have an office in Nassau County wherein deponent maintains its office.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated:     Garden City, New York
              September 10, 2009

                                            Brian J. Davis, Esq.